IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **PRINCE MEMORIAL BAPTIST CHURCH**     Plaintiff, | § § § § § |
| v. | §   Civil Action No. 4:24-CV-01002-O |
| **WESTERN WORLD INSURANCE COMPANY**     Defendant. | § § § § § § |

# ORDER

Before the Court is Defendant Western World Insurance Company's ("Western World") Motion to Abate Pending the Outcome of Appraisal and Brief in Support (ECF No. 5–6), filed October 24, 2024; Plaintiff Prince Memorial Baptist Church's ("Church") Response (ECF No. 7), filed November 14, 2024; and Defendant's Reply (ECF No. 9), filed November 27, 2024. Having considered the Motion, briefing, and applicable law, the Court finds that Defendant's motion should be and is hereby **GRANTED**.

## I.   BACKGROUND

This case arises out of a commercial property insurance contract (the "Contract" or "Policy") between Plaintiff and Defendant to insure Plaintiff's property at 5301 Shackelford Street, Fort Worth, Texas 76119 (or 3600 Oak Hill Street, Fort Worth, Texas 76119 per Tarrant County Appraisal District).[1]

---

[1] Pl.'s Resp. 1, ECF No. 7

On or about October 9, 2022, the roof, ceiling, and walls of Plaintiff's structure collapsed and/or became compromised —rendering the Structure unsafe and unusable.[2] That next day, Plaintiff filed an insurance claim with Defendant.[3] On January 30, 2023, Western World advised the Church of its coverage determination, disclaiming coverage on the basis that the damage was not caused by (1) any of the specified causes of loss; or (2) any causes in the Additional Coverage– Collapse policy language. On September 23, 2024, Defendant attempted to invoke the Policy's Appraisal Condition.

Plaintiff filed this case on October 9, 2024, in the 141st District Court, Tarrant County Texas. Defendant removed this case to federal court, on the basis of diversity, on October 18, 2024. Defendant filed this Motion to Abate proceedings on October 24, 2024. After Plaintiff's response and Defendant's reply, this issue is ripe for the Court's consideration.

## II. LEGAL STANDARDS

### A. Motion to Abate

There is no specific federal statute or rule which expressly authorizes a motion to abate. *PJC Bros., LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 200 n.2 (S.D. Tex. 2010) (citation omitted). Thus, "[w]hile federal courts have authority to entertain such preliminary motions, the decision to do so is largely a matter of judicial discretion, 'which must be exercised in light of the policy against unnecessary dilatory motions.'" *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1360 (3d ed. 2004)) (citing 28 U.S.C. § 2105).

### B. *Erie* Doctrine

Plaintiff's claims do not invoke a federal question. Therefore, the Court applies the law of the forum state, which here is Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under

---

[2] *Id.*
[3] *Id.*

the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under consideration, [ ] must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

### III.   ANALYSIS

Defendant argues that abatement is a condition precedent under the Contract and that "[u]nder Texas law, an insured's failure to comply with a condition precedent constitutes grounds for abating the suit."[4] Plaintiff responds that Defendant has intentionally waived its right to appraisal by failing to demand appraisal within a reasonable amount of time and that abatement is optional and unnecessary here where the litigation involves questions of both damages and coverage.[5]

Appraisals are "intended to take place before suit is filed; [the Texas Supreme] Court and others have held it is a condition precedent to suit." *Guthrie v. State Farms Lloyds*, No. EP-15-CV-307-PRM, 2015 WL 13134989, at *2 (W.D. Tex. Dec. 17, 2015) (citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009)). Under Texas law, an insured's failure to comply with a condition precedent constitutes grounds for abating the suit. *See State Farm Gen. Ins. Co. v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App—Beaumont, 1989, no writ); *see also Woodward v. Liberty Mutual Ins. Co.*, No. CIV.A. 3:09-CV-0228-G, 2010 WL 1186323, at *4, *6 (N.D. Tex. Mar. 26, 2010) (abating the lawsuit until the completion of the appraisal).

---

[4] Def.'s Brief in Supp. Mot. Abate 3, ECF No. 6.
[5] *See* Pl.'s Resp. 2–4, ECF No. 7.

Here, the parties contracted for the appraisal and the Court "must presume that parties to a contract intend every contractual provision to have some meaning." *Atl. Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 219 (Tex. App.—Houston 2004, pet. ref'd) (holding that the Appraisal Provision requires the parties to obtain an appraisal before filing suit, and thus the parties must adhere to the unambiguous terms of the Appraisal Provision).

Plaintiff, in opposition to the Motion to Abate proceedings, argues that "a party may waive . . . a right of appraisal of the amount of loss." *In re Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 2069185, at *4 (Tex. App. May 3, 2018). "Waiver—the 'intentional relinquishment of a known right'—can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015). "A waiver of rights under an appraisal provision by conduct occurs only when the party engages in intentional conduct inconsistent with claiming that right." *In re Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 2069185, at *5. Plaintiff argues that Defendant waived the right to appraisal by failing to demand appraisal within a reasonable amount of time. [6]

When a policy is silent regarding the deadline to invoke an appraisal clause, as the Contract is in this case, Texas law requires that the demand for appraisal be made within a reasonable time. *See In re Cypress Tex. Lloyds*, 419 S.W.3d 443, 444 (Tex. App.—Beaumont 2012, orig. proceeding). Whether the amount of time was reasonable is measured from the time the impasse was reached, and whether that amount of time caused prejudice to the party not seeking appraisal. *See In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 408, 410–11 (Tex. 2011) (orig. proceeding).

---

[6] *Id.*

Here, Defendant invoked appraisal prior to the lawsuit, and Plaintiff has not made any argument regarding the prejudice besides having to hire counsel for this litigation. The Court finds that, because Defendant invoked appraisal before Plaintiff filed this suit, the time was reasonable.

When other coverage questions remain, the Court may decline to abate the case. *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 413 (Tex. 2011) ("[T]he proceedings need not be abated while the appraisal goes forward."); *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002) ("[A] trial court may not deny an appraisal, but it does have discretion as to its timing."). Here, however, given the stage of litigation "[a]batement of the entire case pending appraisal is . . . appropriate and in the interest of the efficient and inexpensive administration of justice." *James v. Prop. & Cas. Ins. Co. of Hartford*, No. CIV.A. H-10-1998, 2011 WL 4067880, at *3 (S.D. Tex. Sept. 12, 2011). Accordingly, the Court concludes that abatement of this case is appropriate.

## IV.   CONCLUSION

For the foregoing reasons the Court **GRANTS** Defendant's Motion to Abate Pending the Outcome of Appraisal (ECF No. 5). It is hereby **ORDERED** that this case is **ABATED**. This case is abated until such time as the parties complete the appraisal process provided for in the insurance policy. The parties shall file a joint status report every sixty (60) days informing the Court of the status of the completion of these requirements. Because administrative closure of the case is appropriate under these circumstances, the Clerk of the Court is **DIRECTED** to administratively close the case pending further order of the Court.

**SO ORDERED** on this **13th day** of **December, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE